UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JEFFREY H. REED, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FLORIDA METROPOLITAN UNIVERSITY, INC. and CORINTHIAN COLLEGES, INC.,<br><br>　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　Civil No. 1:10-CV-386 LY<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' SURREPLY IN FURTHER SUPPORT OF CONTESTED MOTIONS TO STAY AND TO COMPEL INDIVIDUAL ARBITRATION**

"Contracts to arbitrate are <u>not</u> to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." *Southland Corp. v. Keating*, 465 U.S. 1, 7 (1984) (emphasis added). Ignoring this admonition and other controlling United States Supreme Court precedent, Plaintiff filed a surreply in further support of efforts to justify unnecessary discovery and needlessly prolong this litigation, thereby thwarting Congress' intent in enacting the Federal Arbitration Act ("FAA")—requiring "parties to an arbitrable dispute [to move] out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22 (1983).

Tellingly, Plaintiff's surreply does not dispute (1) the very limited nature of the Court's inquiry in deciding whether to compel arbitration; (2) Plaintiff's "making" of an

arbitration agreement, governed by the FAA; (3) that the claims asserted by Plaintiff fall within the scope of the arbitration provision; (4) the right of the School to invoke the arbitration provision; (5) that the U.S. Supreme Court's recent decision in *Stolt-Nielsen S.A. v. Animal Feeds International Corp.*, 130 S. Ct. 1758, 1775-76 (2010), requires that Plaintiff be compelled to individual, as opposed to class-wide, arbitration; and (6) that the plain language of Texas Education Code § 132.051(b) on which Plaintiff's Response to Motion to Compel Arbitration depends only applies to contracts for "a program of instruction" and does not purport to apply to arbitration agreements, which as a matter of federal substantive law are severable from the larger contract (here, the Enrollment Agreement). *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006).

These facts are dispositive of the limited inquiry required to compel individual arbitration under § 4 of the FAA, and the motion to compel arbitration should be granted. Plaintiff's surreply desperately tries to delay the inevitable with a totally new argument. Plaintiff now directs attention away from the unhelpful statutory language, on which he initially based his opposition, to a provision of the Texas Administrative Code (the "Code") purporting to go beyond the statute to declare null and void <u>all</u> contracts between an unlicensed school and a Texas resident, not just those for "a program of instruction."

But even if the Code section on which Plaintiff now focuses were controlling and properly read to void all contracts in general rather than all contracts between an unlicensed school and a Texas resident (which the School in no way concedes),[1] it could

---

[1] A threshold problem with this argument is that the Code impermissibly conflicts with or exceeds the statute. Administrative agencies are constrained by the fundamental requirement that their administrative rules must be "consistent with the constitution and statutes of this state." *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App. Austin 2004). Any provision that conflicts with a statute exceeds the agency's rule-

not under any circumstance void Plaintiff's enforceable arbitration agreement.  Over 25 years ago, the Supreme Court held in *Southland Corp. v. Keating*, 465 U.S. 1 (1984), that the FAA "foreclose[s] state legislative attempts to undercut the enforceability of arbitration agreements." *Id.* at 16. The FAA's displacement of conflicting state law is "now well-established," *Allied-Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 272 (1995), and has been repeatedly reaffirmed, *e.g., Buckeye,* 546 U.S. at 445-446; *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 684-85 (1996); *Perry v. Thomas,* 482 U.S. 483, 489 (1987). In *Southland*, the Supreme Court invalidated a provision in California's Franchise Investment Law that purported to nullify any agreement that waived, among other things, the right to maintain an action in state court.  The California statute provided:  "Any condition, stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this law or any rule or order hereunder is void." *Southland,* 465 U.S. at 5 n.1 (*quoting* Cal. Corp. Code § 31512).  The California Supreme Court interpreted the statute to require judicial consideration of claims brought under the statute and refused to enforce the parties' contract to arbitrate such claims.  In reversing, the United States Supreme Court concluded that the defense to arbitration found in the California Franchise Investment Law "was not a ground that exists at law or in equity 'for the revocation of *any* contract' but merely a ground that exists for the revocation of arbitration provisions in contracts

---

making power and is void. *Id.* (holding an administrative rule void to the extent it could be read to permit collection of automobile insurance fees outside the statutorily regulated rates); *Employees Ret. Sys. of Tex. v. Jones,* 58 S.W.3d 148, 151 (Tex. App. Austin 2001) (holding an administrative provision invalid for applying restrictions to health insurance coverage not found in the statute). Thus, the Code section could not be read compatibly with the statutory provision on which Plaintiff first relied, which does not purport to void all contracts but only those for a "program of instruction."

3

subject to the California Franchise Investment Law." *Id.* at 16 n.11. If the interpretation and holding of the California Supreme Court were accepted, the Court warned, States could eviscerate Congressional intent to place arbitration agreements "upon the same footing as other contracts, H.R. REP. NO. 96[-68, at 1 (1924)], simply by passing statutes such as the Franchise Investment Law." *Id.* This, the Court held, would directly conflict with § 2 of the FAA by permitting states to override the declared policy requiring enforcement of arbitration agreements and, thus, violate the Supremacy Clause.[2]

Plaintiff argues that the Texas Administrative Code supposedly renders null and void all contracts between a student and an unlicensed school or representative.[3] Like the California Franchise Investment Law, this portion of the Texas Administrative Code is preempted by the FAA if and to the extent it purports to invalidate arbitration agreements.

In sum, Plaintiff asks this Court to ignore the plain language of a statute, federal substantive law of severability, and controlling Supreme Court precedent running from

---

[2] The Supreme Court reached a similar conclusion in *Preston v. Ferrer*, 552 U.S. 346 (2008). There, the former manager for Alex Ferrer, television's Judge Alex, sued to recover alleged unpaid commissions. The management contract at issue specifically called for all such disputes to be arbitrated. Judge Alex responded by filing a complaint with California's labor commissioner charging, similar to what Plaintiff asserts here, that the contract was illegal because the manager had actually been serving as an unlicensed talent agent in violation of California law. The commissioner, who has exclusive jurisdiction over talent agency disputes, said that he lacked authority to stop the arbitration. When Judge Alex filed suit in California state court, the court stopped the arbitration. The Supreme Court reversed, holding that the California law granting exclusive jurisdiction to the Labor Commission was superseded by the FAA because the parties had agreed to arbitrate any contractual disputes. The Court explained: "When parties agree to arbitrate all questions arising under a contract, the FAA supersedes state laws lodging primary jurisdiction in another forum, whether judicial or administrative." *Id.* at 359. Therefore, it was the function of an arbitrator, not the Labor Commission, to determine the legality of the management contract.

[3] The School denies that it is subject to this regulatory scheme, but this is a matter for the arbitrator.

*Southland* through *Preston, Buckeye,* and *Stolt*, and permit burdensome and irrelevant discovery that will needlessly prolong this litigation and thwart one of the prime objectives of an agreement to arbitrate—to achieve "streamlined proceedings and expeditious results." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 633 (1985).

The Court should reject each of these invitations to error and, instead, grant the School's motion to stay discovery and pretrial proceedings, and promptly grant the School's motion to compel individual arbitration.

Respectfully submitted:

Graves Dougherty Hearon & Moody
A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, Texas  78701
P.O. Box 98
Austin, Texas  78767
512-480-5616
512-480-5816 (facsimile)

By _____
John J. McKetta, III
State Bar No. 13711500

**ATTORNEYS FOR THE SCHOOL**

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of July 2010, a true and correct copy of the foregoing Defendants' Surreply in Further Support of Motion to Stay and Motion to Compel Individual Arbitration was served via e-mail and U.S. Mail, postage prepaid, on the following:

John Yanchunis, Esq.
JAMES, HOYER, NEWCOMER,
SMILJANICH & YANCHUNIS, P.A.
One Urban Centre, Suite 550
4830 W. Kennedy Blvd.
Tampa, Florida 33609

                                                  John J. McKetta, III