IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2011 JUN -2 AM II: 48

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
        DEPUTY

| | | |
|---|---|---|
| JEFFREY H. REED, AN INDIVIDUAL, | § | |
| ON BEHALF OF HIMSELF AND | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. A-10-CA-386-LY |
| | § | |
| FLORIDA METROPOLITAN | § | |
| UNIVERSITY, INC. AND CORINTHIAN | § | |
| COLLEGES, INC. | § | |
| DEFENDANTS. | § | |

## ORDER

Before the Court in the above styled and numbered cause of action are Plaintiff's Opposed

Motion to Confirm Arbitration Award filed May 5, 2011 (Clerk's Document No. 46); Defendants'

Opposed Petition to Vacate Partial Final Arbitration Award filed May 6, 2011 (Clerk's Document

No. 47); Plaintiff's Opposition to Defendants' Petition to Vacate Partial Final Arbitration Award

filed May 17, 2011 (Clerk's Document No. 49), and Defendants' Reply in Further Support of the

School's Opposed Petition to Vacate Partial Final Arbitration Award filed May 31, 2011 (Clerk's

Document No. 51). Having considered the motions, response, and reply, along with the applicable

law in this cause, the Court is of the opinion that Plaintiff's motion to confirm arbitration award

should be granted.

## I. Background

On April 20, 2010, Plaintiff Jeffrey Reed filed this lawsuit against Defendants Florida

Metropolitan University, Inc. and Corinthian Colleges, Inc. through their operation of Everest

University Online for routinely soliciting and enrolling Texas students in online distance education

programs that are not approved to operate in the state of Texas. Defendants removed the action to

this Court on June 1, 2010.

On June 8, 2010, Defendants moved the Court to stay the proceedings and compel arbitration pursuant to an agreement to arbitrate that Reed signed as part of his enrollment agreement with Everest University Online. Defendants also argued that the arbitration agreement precluded class arbitration and arbitration must therefore proceed individually.

On July 26, 2010 the Court granted Defendants' motion to compel arbitration and stayed this cause of action pending the parties' arbitration of their dispute (Clerk's Document No. 31). The Court also held that the issue of whether the arbitration agreement precludes class arbitration was more appropriately decided by the arbitrator.

By his present motion, Reed asks the Court to confirm the Partial Final Clause Construction Award of the arbitrator, signed on April 15, 2011, which concluded that there was a contractual basis for determining that the parties agreed to submit to class-action arbitration and that the arbitration may proceed on behalf of a class. By their motion, Defendants ask the Court to vacate this award.

## II. Analysis

A Court's review of an arbitration award is "exceedingly deferential" and the award can be vacated only on "very narrow grounds." *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). "A court must affirm an arbitral award if the arbitrator is 'arguably construing or applying the contract and acting within the scope of his authority.'" *Teamsters Local No. 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). If the award is "rationally inferable" from the record before the arbitrator, the Court must affirm the award. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004). The Court cannot vacate an arbitration award even if the arbitrator failed

to apply governing law correctly. *American Laser Vision, P.A. v. The Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007).

The Federal Arbitration Act ("FAA") sets forth the four statutory bases for vacating an arbitration award:

(1) where the award was procured by corruption, fraud or undue means;

(2) where there is evidence of partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct ... or any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers ....

9 U.S.C. § 10(a).

Defendants argue that the arbitrator exceeded his authority and generally argue that the arbitrator incorrectly interpreted the parties' contract and arbitration agreement. Specifically, Defendants argue that the arbitrator failed to follow the recent Supreme Court decision in *Stolt-Nielsen, SA v. Animalfeeds Int'l Corp.*, 130 S. Ct. 1758 (2010) which provides that an arbitration agreement must contain a contractual basis to find that the parties agreed to class arbitration. Defendants contend that it was improper for the arbitrator to find an implicit agreement to arbitrate and that, under *Stolt*, parties must actually agree to class arbitration and need not expressly preclude it in their arbitration agreement.

An implicit agreement to authorize class arbitration cannot be inferred *solely* from the fact that the parties agree to arbitrate. *Stolt,* 130 S. Ct. at 1775. In determining whether there is an agreement to authorize class arbitration, an arbitrator should not impose his own policy choice, but should identify and apply a rule of decision derived from the FAA or relevant state law. *Id.* at 1770.

3

An arbitrator does not exceed his powers if the arbitrator's award is "in some logical way" derived from the "wording or purpose of the contract." *See Apache Bohai Corp. v. Texaco China BV*, 480 F.3d 397, 404 (5th Cir. 2007). The "single question is whether the award, however arrived at, is rationally inferable from the contract." *Id.* at 405. "To determine whether an arbitrator exceeded his powers, [the Court] must examine the language of the arbitration agreement." *Glover v. IBP, Inc.*, 334 F.3d 471, 474 (5th Cir. 2003). "When an arbitration agreement gives an arbitrator authority to interpret and apply a contract, the arbitrator's construction of that contract must be enforced so long as it is 'rationally inferable from the letter or purpose of the underlying agreement.'" *Id.* (quoting *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994)).

Here, the arbitrator distinguished the facts from *Stolt*, finding that the provisions in the parties' agreement stating that arbitration was required for any disputes "arising from [] enrollment at Everest University" and that "[a]ny remedy available from a court under the law shall be available in the arbitration" created a contractual basis for class arbitration. The arbitrator found that when these two provisions are read in the context of the entire agreement, as well as Section 132.121(a) of the Texas Education Code that sets forth class litigation as a remedy for violations of the Education Code, there is an implicit agreement to authorize class arbitration, as Texas law provides that class litigation is appropriate in similar situations and the agreement states that any remedies available from a court shall be available in the arbitration.

The arbitrator's award does not reflect a policy choice of the arbitrator; it simply explains what the arbitrator believed the intent of the parties to be absent an explicit provision allowing or precluding class arbitration. The Court believes the arbitrator's award provides a reasonable interpretation of the contract in light of the FAA and Texas law.

4

### III. Conclusion

Accordingly, the Court concludes that the arbitrator did not exceed his powers; the arbitrator's decision that the arbitration clause in this case provides a contractual basis for concluding that the parties agreed to submit to class arbitration was not beyond his powers and should be confirmed. Having considered the motions, response, and reply, along with the applicable law in this cause, the Court will grant Plaintiff's motion to confirm the arbitration award, deny Defendants' motion to vacate the award, and confirm the arbitrator's partial final arbitration award signed April 15, 2011.

**IT IS ORDERED** that Plaintiff's Opposed Motion to Confirm Arbitration Award filed May 5, 2011 (Clerk's Document No. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Opposed Petition to Vacate Partial Final Arbitration Award filed May 6, 2011 (Clerk's Document No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that the Partial Final Clause Construction Award of the arbitrator signed April 15, 2011, is **CONFIRMED**.

SIGNED this _2nd_ day of _June_, 2011.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

5